IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Western Division

| | | |
|---|---|---|
| ARMALITE, INC. | ) | No. 3:06CV2929 |
| | ) | |
|     Petitioner | ) | Magistrate Judge Armstrong |
| | ) | |
|       v. | ) | NOTICE OF SUPPLEMENTAL |
| | ) | AUTHORITY |
| MARCIA F. LAMBERT | ) | |
| Director of Industry Operations | ) | |
| | ) | |
|     Respondent | ) | |

In Petitioners' opposition to Lambert's motion for summary judgment, Petitioners quote from an *amicus curiae* brief of the Solicitor General of the United States filed in the United States Supreme Court in the consolidated cases of *Safeco Insurance Company Of America, et al.*, v. *Burr, et al.*, No. 06-84, and *GEICO General Insurance Company, et al.* v. *Edo*, No. 06-100. These cases concern, *inter alia*, the meaning of "willfully" in a civil statute, to wit, in the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, which imposes civil liability on "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer," 15 U.S.C. 1681n(a).

On June 4, 2007, the Supreme Court decided these cases. 127 S.Ct. 2201 (2007). With respect to the meaning of "willfully" in a civil statute, the Court unanimously wrote:

> [W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well . . . . This construction reflects common law usage, which treated actions in "reckless disregard" of the law as "willful" violations. . . . The standard civil usage thus counsels reading the phrase "willfully fails to comply" in

-1-

§1681n(a) as reaching reckless FCRA violations, and this is so both on the interpretive assumption that Congress knows how we construe statutes and expects us to run true to form, see *Commissioner* v. *Keystone Consol. Industries, Inc.*, 508 U.S. 152, 159 (1993), and under the general rule that a common law term in a statute comes with a common law meaning, absent anything pointing another way . . . .

In the case at bar, there is nothing in the statute or the legislative history "pointing another way . . . ." On the contrary, the legislative history of 18 U.S.C. § 923(e), found in S.Rep. No. 98-583,[1] described the purpose for adding "willfully" to § 923(e) as follows: the "purpose of this change is to ensure that licenses are not revoked for inadvertent errors or technical mistakes." S.Rep. No. 98-583 at 88.

*Safeco* also noted that a company subject to FCRA:

does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

Thus, mere carelessness is not recklessness.

---

[1] *National Rifle Ass'n v. Brady*, 914 F.2d 475 (4th Cir. 1990) held that S.Rep. No. 98-583 was the applicable report for the FOPA:

There was no Senate Report on Pub.L. No. 99-308. S.Rep. No. 98-583 accompanied S. 914, the substantially similar predecessor to S. 49, the Senate bill which was the basis for Pub.L. No. 99-308.

914 F.2d at 485.

Thus, S.Rep. No. 98-583 should be accorded substantial weight because a "committee report represents the considered and collective understanding of those Congressmen involved in drafting and studying proposed legislation." *Zuber v. Allen*, 396 U.S. 168, 186 (1969).

Respectfully submitted,

ARMALITE, INC.
By counsel


 /s/Richard E. Gardiner
Richard E. Gardiner
Suite 404
10560 Main Street
Fairfax, VA 22030
(703) 352-7276


 /s/David Buda
David Buda
35 E. Livingston Ave.
Columbus, OH 43215
(614) 221-3456
(614) 228-6680 (fax)