IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ARMALITE, INC. | ) | Case No. 3:06CV2929 |
| | ) | |
| Petitioner, | ) | MAGISTRATE JUDGE |
| | ) | VERNELIS K. ARMSTRONG |
| v. | ) | |
| | ) | |
| MARCIA F. LAMBERT, DIRECTOR | ) | ATF'S RESPONSE TO NOTICE |
| INDUSTRY OPERATIONS | ) | OF SUPPLEMENTAL |
| BUREAU OF ALCOHOL, TOBACCO, | ) | AUTHORITY |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
| Respondent. | ) | |

In its Notice of Supplemental Authority, Petitioner cites Safeco Ins. Co. of

America v. Burr, 127 S. Ct. 2201 (2007) for the proposition that the term "willfully",

when used in a statute creating civil liability, connotes knowing and reckless violations

of a standard. The Court observed that a "recklessness" standard does not ordinarily

encompass mere "carelessness". Based on Safeco, Petitioner argues that the term

"willfully" in the Gun Control Act (GCA) evinces a legislative intent to prescribe only

knowing or reckless violations of the statutes. Not surprisingly, Petitioner characterizes

its violations of the GCA as merely careless or inadvertent.

Petitioner's reliance on Safeco is misplaced. In Safeco, the Supreme Court was interpreting the term "willfully" as used in the Fair Credit Reporting Act which provides a private right of action against businesses that use consumer credit reports but fail to comply with Act. Damages under the act may be compensatory or punitive depending on whether a violation is willful or negligent. There is no indication from the opinion that the Court intended to formulate a definition of "willfully" that would be applicable in other contexts. On the contrary, the Court stated that "' willfully' is a word of many meanings whose construction is often dependant on the context in which it appears." Id. at 2208 (internal quotation marks omitted).

Moreover, as pointed out in length in the ATF's memorandum in support of summary judgment, the meaning of the term "willfully" in the context of the GCA is well settled in the Sixth Circuit. See e.g., Appalachian Resources Development Co. dba Bend of the River v. McCabe, 387 F.3d 461, 464 (6th Cir. 2004) ("The majority of circuits including the Sixth Circuit, have consistently held that where a licensee understands his or her legal obligations under the GCA, yet fails to abide by those obligations, his or her licence can be denied or revoked on the basis that the dealer 'willfully' violated the GCA"). The holding in Appalachian Resources was recently cited with approval in Procaccio v. Lambert, No. 04-4299, 2007 U.S. App. LEXIS 12833 (6th Cir. 2007) (unpublished)(Evidence of an individuals' disregard for a known legal obligation is entirely sufficient to prove willfulness).

Finally, the evidence in the record before this Court establishes a complete disregard by Armalite for the requirements of the GCA. AFT agents repeatedly pointed

out to Armalite the continuing violations of the statute committed by its personnel, and provided instruction on how to correct the deficiencies. Armalite chose to ignore the situation. This conduct certainly satisfies any rational standard based on willfulness or recklessness. It certainly satisfies the definition of willfully set forth in <u>Appalachian Resources</u> which is the controlling case in this circuit.

<div style="margin-left:auto;width:60%;">

Respectfully submitted,

GREGORY WHITE
United States Attorney

By:    <u>s/Robert G. Young</u>
        Robert G. Young
        Reg. No. 0007020
        Assistant U.S. Attorney
        Four Seagate, Ste. 308
        Toledo, Ohio 43604-2624
        (419) 259-6376
        Fax: (419) 259-6360
        <u>E-Mail: Robert.G.Young@usdoj.gov</u>

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on this  28th  day of June, 2007 the foregoing Motion to Stay

Discovery and Rule 16 Conference was filed electronically and sent via electronic and

regular mail to:

Richard E. Gardiner, Esq.
10560 Main Street, Suite 404
Fairfax, VA 22030

David Buda, Esq.
35 E. Livingston Avenue
Columbus, Ohio 43215


                                        s/Robert G. Young
                                        Robert G. Young
                                        Assistant United States Attorney