IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Western Division

| | | |
|---|---|---|
| ARMALITE, INC. | ) | No. 3:06CV2929 |
| Petitioner | ) | Magistrate Judge Armstrong |
| v. | ) | REPLY TO ATF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY |
| MARCIA F. LAMBERT Director of Industry Operations | ) | |
| Respondent | ) | |

1) Respondent argues that there is "no indication from the [Supreme Court's] opinion [in *Safeco Insurance Company Of America, et al.*, v. *Burr, et al.*, 127 S.Ct. 2201 (2007)] that the Court intended to formulate a definition of "willfully" that would be applicable in other contexts." Response at 2.

On the contrary, while *Safeco* involved the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, the Supreme Court drew its conclusion that, "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well" from case law involving other, unrelated acts. In particular, the Court relied on *McLaughlin* v. *Richland Shoe Co.*, 486 U.S. 128 (1988)(Fair Labor Standards Act); *Trans World Airlines, Inc.* v. *Thurston*, 469 U.S. 111 (1985)(Age Discrimination in Employment Act of 1967); and *United States v. Illinois Central R. Co.,* 303 U.S. 239 (1938)(Act of June 29, 1906, 34 Stat. 607 (relating to the care of animals being transported by railroads)). To emphasize that it was adopting a general civil

-1-

standard, the Court went on to state:

> <u>This construction reflects common law usage</u>, which treated actions in "reckless disregard" of the law as "willful" violations. . . . The <u>standard civil usage</u> thus counsels reading the phrase "willfully fails to comply" in § 1681n(a) as reaching reckless FCRA violations, and this is so both on the interpretive assumption that Congress knows how we construe statutes and expects us to run true to form, see *Commissioner* v. *Keystone Consol. Industries, Inc.*, 508 U.S. 152, 159 (1993), and under the general rule that a common law term in a statute comes with a common law meaning, absent anything pointing another way . . . . (emphasis added).

Moreover, the Court distinguished the "standard civil usage" from the criminal law usage in noting that "[i]t is different in the criminal law." When "willfully" has been used in a criminal statute, the Court:

> regularly read the modifier as limiting liability to knowing violations. See *Ratzlaf v. United States,* 510 U.S. 135, 137 (1994); *Bryan v. United States,* 524 U.S. 184, 191-192 (1998); Cheek v. United States, 498 U.S. 192, 200-201 (1991). . . . Civil use of the term, however, typically presents neither the textual nor the substantive reasons for pegging the threshold of liability at knowledge of wrongdoing.

2) The Court's statement that "[w]e have said before that 'willfully' is a 'word of many meanings whose construction is often dependent on the context in which it appears,'" citing *Bryan v. United States,* 524 U.S. 184, 191 (1998), was not an effort to distinguish various interpretations of "willfully" in civil usage, but to distinguish between "willfully" in civil and criminal usage. As explained in *Bryan*: "Most obviously it differentiates between deliberate and unwitting conduct, but in the criminal law it also typically refers to a culpable state of mind." 524 U.S. at 191. Indeed, there is nothing whatever in *Safeco* that suggests that the

Court has countenanced an interpretation of "willfully" in civil usage which is contrary to that which it enunciated in *Safeco*. The only time there would be an exception to the understanding of "willfully" enunciated in *Safeco* is, the Court explained, is if there is "anything pointing another way . . . ." In the case at bar, the Government does not refer to anything, in either the statutory structure or the legislative history of 18 U.S.C. § 923(e), pointing any way other than the *Safeco* interpretation.[1]

3) Respondent also argues that the "meaning of the term 'willfully' in the context of the GCA is well settled in the Sixth Circuit. *See e.g., Appalachian Resources Development Co. dba Bend of the River v. McCabe,* 387 F.3d 461, 464 (6th Cir. 2004)." Response 2. While true, this court should adhere to the Supreme Court's interpretation, not the prior interpretation of the court of appeals. As another district court has noted:

> This court does not lightly abjure binding decisions of the court of appeals. (Citation omitted). But, when those decisions are obviously undermined by more recent opinions of the Supreme Court, the district court has an obligation to recognize the former as overruled. (Citations omitted). Stare decisis requires nothing less.

*Pappas v. City of Lebanon,* 331 F.Supp.2d 311, 319 (M.D.Pa 2004).

See also *United States v. Croxford,* 324 F.Supp.2d 1255, 1261 (D.Utah 2004)("Where a Supreme Court holding effectively modifies an

---

[1] On the contrary, the legislative history of 18 U.S.C. § 923(e), found in S.Rep. No. 98-583, described the purpose for adding "willfully" to § 923(e) as follows: the "purpose of this change is to ensure that licenses are not revoked for inadvertent errors or technical mistakes." S.Rep. No. 98-583 at 88.

earlier ruling of the Circuit, this court is obviously required to follow the commands of the Supreme Court.").

The basis for both these decisions is the principle that a future panel of the court of appeals would not be bound by a prior panel decision which conflicted with an intervening Supreme Court decision. See *Meeks* v. *Illinois Cent. Gulf R.R.*, 738 F.2d 748, 751 (6th Cir. 1984)("[A] panel of this court may not overrule a previous panel's decision. Only on en banc court may overrule a circuit precedent, absent an intervening Supreme Court decision."). This court should adhere to that view and abjure the decision in *Appalachian Resources Development Co. dba Bend of the River v. McCabe* to the extent it is inconsistent with *Safeco*.

<pre>
                              Respectfully submitted,

                              ARMALITE, INC.
                              By counsel


                               /s/Richard E. Gardiner
                              Richard E. Gardiner
                              Suite 404
                              10560 Main Street
                              Fairfax, VA 22030
                              (703) 352-7276


                               /s/David Buda
                              David Buda
                              35 E. Livingston Ave.
                              Columbus, OH 43215
                              (614) 221-3456
                              (614) 228-6680 (fax)
</pre>