IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Armalite, Inc.,                          Case No. 3:06 CV 2929

          Petitioner,         MEMORANDUM OPINION
                                           AND ORDER

-vs-                                    JUDGE JACK ZOUHARY

Marcia F. Lambert,

          Respondent.

## BACKGROUND

Petitioner filed a Petition for Judicial Review (Doc. No. 1) of the revocation of a firearms dealer license alleging revocation was improper because his actions were not willful. The case was referred to Magistrate Judge Armstrong for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent Marcia Lambert, the Director of Industry Operations, Columbus Field Division, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), filed a Motion for Summary Judgement (Doc. No. 7) and Petitioner filed an opposition (Doc. No. 17). In her Report and Recommendation (Doc. No. 28), the Magistrate Judge recommended the Court grant Respondent's Motion for Summary Judgment and dismiss the case.

The case is now before the Court on Petitioner's Objections to the Magistrate's Report and Recommendation (Doc. No. 31), to which Respondent filed an opposition (Doc. No. 34). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B)

and (C), this Court has made a *de novo* determination of the Magistrate's findings. For the following reasons, the Court finds Petitioner's Objections not well taken.

## DISCUSSION

Petitioner raises the following Objections to the Magistrate's Report and Recommendation:

1. the Magistrate accepted certain statements of fact which were actually disputed;

2. the Magistrate failed to properly apply the meaning of "willfully" with respect to the Gun Control Act of 1968 (GCA); and

3. the Magistrate mistakenly determined that the ATF had authority to promulgate rules and regulations under the GCA

Each objection is addressed below.

**1.  No material facts are in dispute and summary judgment is proper**

Petitioner objects to the determination that there is no dispute in material facts and argues summary judgment is, therefore, inappropriate.

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." "Material facts are only those facts that might affect the outcome of the action under governing law." *Talley v. Bravo Pinito Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995).

Petitioner argues two purported facts are at issue: (1) Petitioner "failed to follow-up" regarding a conference with the ATF, and (2) Petitioner admitted being "overly complacent" about the regulations. Petitioner claims he was not responsible for following-up with ATF to schedule a conference, and points to Record evidence of confusion between the parties. Petitioner's deposition transcript also shows the Magistrate misstated in her Report that Petitioner was "overly complacent" when Petitioner actually used the language "somewhat complacent." Although a dispute exists over

2

the exact sequence of events and responsibilities of the parties with respect to the conference, and the descriptive term used to describe Petitioner's admitted complacency, these differences are not material and have no effect on the legal outcome. Petitioner's license was not revoked for failing to schedule a conference with ATF, and the subsequent violations were not a result of the missed conference. Rather, the license was revoked because of repeated record violations. Petitioner stated that he was complacent (Doc. No. 34, n.5), and the actual degree of complacency between "overly" and "somewhat" is also not material to the license revocation. Summary judgment is appropriate because no material facts are in dispute and Respondent is entitled to judgment as a matter of law.

### 2. Petitioner wilfully violated the GCA

Petitioner objects to the Magistrate's finding that the definition of "willfully" is governed by the Sixth Circuit decision in *Appalachian Res. Dev. Corp. v. McCabe*, 387 F.3d 461, 465 (6th Cir. 2004) rather than the Supreme Court's definition in *Safeco Ins. Co. of America v. Burr*, U.S. , 127 S. Ct. 2201, 2208 (2007).

The Sixth Circuit has repeatedly held the term "willfully," within the GCA, does not require a showing of a bad purpose but only that a licensee knowingly failed to follow the law or be indifferent to it. *Appalachian Res. Dev. Corp.*, 387 F.3d 461, 464. Although *Safeco* sets forth a meaning of "willfully" for the Fair Credit Reporting Act, the Court does not agree with Petitioner that *Safeco* sets forth a general definition for all federal civil enforcement statutes. The holding in *Safeco* is distinguishable from Petitioner's claim. The Fair Credit Reporting Act provides a private right of action against businesses to protect consumers. *Safeco*, 127 S. Ct. at 2208. The GCA enables government enforcement of the transfer and sale of firearms, enacted to prevent weapons from reaching persons classified by Congress as "potentially irresponsible and dangerous." *Barrett v.*

3

*United States*, 423 U.S. 212, 218 (1976). Willfully is "'a word of many meanings' whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184 (1998). The Fair Credit Reporting Act and the GCA are vastly different statutes, in term of construction and purpose, and, as such, the meaning of willfully differs between them.

In *Appalachian Resources*, the Sixth Circuit provided a clear definition of "willfully," and then reaffirmed that decision in *Procaccio v. Lambert*, No. 06-4299, 2007 WL 1544956, at *5 (6th Cir. May 29, 2007). The Supreme Court's holding in *Safeco* is not inconsistent with *Appalachian Resources*. This Court is bound by the Sixth Circuit decision. Following established precedence, a licensee who understands his legal obligations and fails to abide by them, can have his licenses revoked for "willfully" violating the GCA. *Appalachian Res. Dev. Corp.*, 387 F.3d at 464. The Magistrate correctly analyzed the undisputed facts in her Report (Doc. No. 28, p. 11) and Petitioner did willfully violate GCA, making summary judgment appropriate.

**3.     The ATF has authority to promulgate rules and regulations, including the specific portions challenged**

Petitioner objects to the Magistrate's comprehensive finding that the ATF has authority under 18 U.S.C. §§ 923(g)(1)(A) and 926(a) to promulgate rules and regulations that "are necessary to carry out the provision of the GCA . . ." that requires licensed dealers to maintain certain records, and that the regulations Petitioner violated were not "necessary" under the statute.

The purpose of the GCA is "to curb crime by keeping 'firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency.'" *Huddleston v. United States*, 415 U.S. 814, 824 (1974) (citations omitted). In order to effectuate that purpose, Congress vested the right to draft rules and regulations with the Attorney General. *See* § 926. In *National Rifle Association v. Brady*, the Fourth Circuit performed an extensive analysis of the validity

4

of certain firearm regulations promulgated pursuant to the GCA and rejected the National Rifle Association's position that the regulations were broad and unnecessary. 914 F.2d 475 (4th Cir. 1990). Petitioner's objection offers no new argument for his claim that the ATF's rules are beyond the scope of the GCA, and the Court finds the reasoning in *Brady* persuasive and dispositive.

## CONCLUSION

After conducting a *de novo* review, the Report and Recommendation is adopted and affirmed. Petitioner's claims are dismissed.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

September 27, 2007